**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Gail Jones</u>

    **v.**                                              Case No. 10-cv-146-PB
                                                     Opinion No. 2011 DNH 068
<u>Lawrence Secord</u>

### <u>MEMORANDUM AND ORDER</u>

This case arises from three murders committed by Michael
Woodbury with a handgun he stole from his grandfather's hunting
camp.  Gail Jones, the executrix for one of the victims, has
sued Woodbury's grandfather, Lawrence Secord.  Jones claims that
Secord was negligent in failing to properly secure the firearm
and report the theft before the murder.

### I.  <u>FACTS</u>

Jones bases her argument on two incorrect factual premises.
First, she asserts that Woodbury had unfettered access to
Secord's camp.  In fact, the undisputed evidence establishes
that the camp was locked, that the key to the camp
was concealed in a place that was unknown to Woodbury, that
Woodbury had not been granted access to the camp for several
years, and that Woodbury gained entry by breaking a window and

entering the camp without Secord's permission.[1]  Second, she
asserts that Secord knew about the burglary and the theft of the
handgun before the murder occurred and failed to report it.  In
fact, the undisputed evidence demonstrates that Secord did not
learn of either the burglary or the theft until after the
murder, which took place on July 2nd.[2]

_____

1  Jones's citation to an excerpt from Sarah Barton's
deposition, which suggests that the door to the camp was out of
alignment and sometimes failed to lock, does not give rise to a
genuine factual dispute on this issue.  Nor does the testimony
of Woodbury's stepfather that Woodbury once knew that the key to
the camp had been stored at a location that differs from the
place where the key was actually stored when he broke into the
camp.

2  Jones relies entirely on a police report in which Secord
stated that Sarah Barton had discovered on June 28th that a
window had been broken, a screen had been cut, and the camp had
generally been trashed.  The report, by itself, is insufficient
to give rise to a genuine factual dispute in light of the
overwhelming evidence, identified in the motion for summary
judgment, establishing that those facts were not discovered
until July 3rd.  The evidence on this point includes sworn
deposition testimony by both Barton and Secord, the sources for
the information contained in the police report.  See Governor
Wentworth Reg'l Sch. Dist. v. Hendrickson, 421 F. Supp. 2d 410,
417 (D.N.H. 2006) ("If the non-moving party's 'evidence is
merely colorable, or is not significantly probative,' no genuine
dispute as to a material fact has been proved, and 'summary
judgment may be granted.'") (quoting Anderson v. Liberty Lobby,
Inc., 477 U.S. 242, 249 (1986)). Although Barton testified in
her deposition that she noticed that sheets were over the
windows of the camp, the door was ajar, and a stereo was playing
inside the camp on June 28th, she did not claim that she knew on
the 28th that the camp had been burglarized.  Instead, she
claimed that she first learned of the burglary on July 3rd when
she visited the camp for a second time.  It is clear in light of

The other relevant undisputed evidence establishes that the camp was not Secord's principal residence and was often unoccupied, that the handgun was unloaded and concealed under a hot water heater platform, and that Woodbury had a criminal record that included convictions for crimes of violence.

## II.  **ANALYSIS**

As I have noted, there is no factual support in the record for Jones's claim that Secord is liable for failing to report the theft of the handgun because the undisputed evidence demonstrates that he did not learn of the theft until after the murder.  This leaves only Jones's claim that Secord is liable for failing to properly secure the handgun.

The issue as to whether a person owes a duty of care to someone for injuries caused by a third person presents a question of law.  Remsburg v. Docusearch, 149 N.H. 148, 153 (2003).  Jones has failed to cite to any case in which a court has sustained a negligence claim against a gun owner under circumstances similar to the present case.  The only decisions she cites concern the very different circumstances in which a defendant keeps a poorly secured firearm in a home to which a

the record as a whole that the police report merely conflates the two visits.

person with violent propensities has unfettered access.  See, e.g., Jupin v. Kask, 447 Mass. 141, 153 (2006); Estate of Heck v. Stoffer, 786 N.E. 2d 265, 269 (Ind. 2003).  This is not the case here because Woodbury had not been to the camp for many years and gained access by breaking in without Secord's permission.

As the New Hampshire Supreme Court has recognized, individuals ordinarily are not subjected to liability for the criminal acts of third parties because such individuals are entitled to presume that everyone will obey the law.  Remsburg, 149 N.H. at 154.  I am confident that the New Hampshire Supreme Court would not make an exception to this rule that covers the circumstances presented by this case.  Accordingly, Secord is entitled to summary judgment.

### III.  CONCLUSION

For the reasons set forth in this order, defendant's motion for summary judgment (Doc. No. 10) is granted.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

April 26, 2011

cc:  Charles R. Bennett, Jr., Esq.

4

Michael R. Perry, Esq.
Roberto Tepichin, Esq.
Andrew Ranks, Esq.
Mark W. Shaughnessy, Esq.
Michael S. Kinson, Esq.